IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PFEIFFER, derivatively on behalf of ZORAN CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ZORAN CORPORATION, UZIA GALIL, LEVY GERZBERG, KARL SCHNEIDER, ISAAC SHENBERG, RAYMOND A. BURGESS, JAMES D. MEINDL, JAMES B. OWENS JR., DAVID RYNNE, ARTHUR B. STABENOW, AND PHILIP M. YOUNG,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　／ | No. C 06-05503 WHA<br><br>**ORDER CONSOLIDATING CASES AND CASE MANAGEMENT ORDER** |
| GERALD DEL ROSARIO, derivatively on behalf of ZORAN CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AHARON AHARON, LEVY GERZBERG, PAUL R. GOLDBERG, CAMILLO MARTINO, KARL SCHNEIDER, ISAAC SHENBERG, ALEX SINAR, UZIA GALIL, JAMES A. MEINDL, JAMES B. OWENS, JR., ARTHUR B. STABENOW,<br><br>　　　　Defendants,<br>　　　　　　　　　　　　　　　　　　／ | |

Good cause having been shown, and no objections having been received, the court **ORDERS** as follows:

1. The following actions are consolidated for all purposes, including, but not limited to, discovery, pretrial proceedings and trial proceedings pursuant to FRCP 42(a):

   C 06-05503 WHA     *Pfeiffer v. Zoran Corp., et al.*

   C 06-05949 WHA     *Rosario v. Aharon, et al.*

2. The consolidated cases shall be identified as *In re Zoran Corporation Derivative Litigation*, Case No. CV 06-05503 WHA.  The files in this action shall be maintained in one file under Master File No. CV 06-05503 WHA.  Any other action now pending or hereafter filed in this District that arises out of the same facts and claims as alleged in these related actions shall be consolidated for all purposes as the Court is informed of them.  The parties shall notify the Court of any other action pending or filed outside this District that may be related to the subject matter of these consolidated actions should they become aware of such actions.

3. Henceforth every pleading filed in these consolidation actions, or in any separate action included herein, shall bear the following caption:

   | | |
   |---|---|
   | In re Zoran Corporation<br>Derivative Litigation | No. CV 06-05503 WHA |
   | | **DERIVATIVE ACTION** |
   | This Document Relates To:<br>_____ | |

4. When a pleading is intended to be applicable to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after the words, "This Document Relates To" in the above caption.  When a pleading is intended to be applicable only to some, but not all, such actions, the Court's docket number for each individual action to which the documents are intended to be applicable and the last name of the first-named plaintiff in said action shall appear immediately after the words

"This Document Relates To" in the caption described above, *e.g.*, "This Document Relates To: *Pfeiffer v. Zoran Corp.*, Case No. CV 06-05503 WHA."

**CASE MANAGEMENT ORDER**

After a case management conference, the Court enters the following order pursuant to Rule 16 of the Federal Rules of Civil Procedure ("FRCP") and Local Rule 16-10:

1. All motions for the appointment of a lead plaintiff shall be filed no later than **DECEMBER 14, 2006**. The hearing on these motion is scheduled for **THURSDAY, JANUARY 18, 2006, AT 8:00 A.M.** Each candidate must fill out the attached questionnaire regarding qualifications to act as lead plaintiff. The questionnaire should be filed with the court no later than **JANUARY 17, 2006, AT NOON.** Each candidate should also attend the hearing scheduled on January 18, 2006. Lead counsel will be appointed at a later date following diligence by the lead plaintiff as described in the questionnaire.

2. The consolidated and amended securities complaint must be filed within **28 CALENDAR DAYS** after the date of the order appointing counsel for the lead securities plaintiff. The motion to dismiss must be filed within **28 CALENDAR DAYS** of the filing of the consolidated and amended complaint, to be heard on a 35-day track.

3. All initial disclosures under Rule 26 as to the securities case must be made within **FOURTEEN DAYS** of the service of the consolidated securities case. This will not be stayed pending the motion to dismiss. Discovery, however, will be stayed until the motion to dismiss is decided.

4. The private mediator must be selected and on board by **JANUARY 31, 2007**, and the private mediation completed by **MARCH 31, 2007**.

5. The non-expert discovery cut-off date shall be **SEPTEMBER 28, 2007**.

6. The last date for designation of expert testimony and disclosure of full expert reports under FRCP 26(a)(2) as to any issue on which a party has the burden of proof ("opening reports") shall be **SEPTEMBER 28, 2007**. Within **FOURTEEN CALENDAR DAYS** thereafter, all other parties may disclose responsive expert

3

1  testimony with full expert reports responsive to opening reports ("opposition reports").
2  Within **SEVEN CALENDAR DAYS** thereafter, the opening parties may disclose any reply
3  reports limited solely to rebutting specific material in opposition reports.  Reply reports
4  must be limited to true rebuttal and should be very brief.  They should not add new
5  material that should have been placed in the opening report.  The cutoff for all expert
6  discovery shall be **FOURTEEN CALENDAR DAYS** after the deadline for reply reports.  In
7  aid of preparing an opposition or reply report, a responding party may depose the
8  adverse expert sufficiently before the deadline for the opposition or reply report so as to
9  use the testimony in preparing the response.  Experts must make themselves readily
10 available for such depositions.  Alternatively, the responding party can elect to depose
11 the expert later in the expert-discovery period.  An expert, however, may be deposed
12 only once unless the expert is used for different opening and/or opposition reports, in
13 which case the expert may be deposed independently on the subject matter of each
14 report.  At least **28 CALENDAR DAYS** before the due date for opening reports, each party
15 shall serve a list of issues on which it will offer any expert testimony in its case-in-chief
16 (including from non-retained experts).  This is so that all parties will be timely able to
17 obtain counter-experts on the listed issues and to facilitate the timely completeness of
18 all expert reports.  Failure to so disclose may result in preclusion.

19 7.  As to damages studies, the cut-off date for *past damages* will be as of the expert report
20     (or such earlier date as the expert may select).  In addition, the experts may try to
21     project *future damages* (*i.e.*, after the cut-off date) if the substantive standards for
22     future damages can be met.  With timely leave of Court or by written stipulation, the
23     experts may update their reports (with supplemental reports) to a date closer to the time
24     of trial.

25 8.  At trial, the direct testimony of experts will be limited to the matters disclosed in their
26     reports.  Omitted material may not ordinarily be added on direct examination.  This
27     means the reports must be complete and sufficiently detailed.  Illustrative animations,
28     diagrams, charts and models may be used on direct examination only if they were part

4

1  of the expert's report, with the exception of simple drawings and tabulations that
2  plainly illustrate what is already in the report, which can be drawn by the witness at
3  trial or otherwise shown to the jury. If cross-examination fairly opens the door,
4  however, an expert may go beyond the written report on cross-examination and/or
5  redirect examination. By written stipulation, of course, all sides may relax these
6  requirements.

7  9.  To head off a recurring problem, experts lacking percipient knowledge should avoid
8  vouching for the credibility of witnesses, *i.e.*, whose version of the facts in dispute is
9  correct. This means that they may not, for example, testify that based upon a review of
10 fact depositions and other material supplied by counsel, a police officer did (or did not)
11 violate standards. Rather, the expert should be asked for his or her opinion based —
12 explicitly — upon an assumed fact scenario. This will make clear that the witness is
13 not attempting to make credibility and fact findings and thereby to invade the province
14 of the jury. Of course, a qualified expert can testify to relevant customs, usages,
15 practices, recognized standards of conduct, and other specialized matters beyond the
16 ken of a lay jury. This subject is addressed further in the trial guidelines referenced in
17 paragraph 15 below.

18 10. The last date to file dispositive motions shall be **NOVEMBER 15, 2007**. No dispositive
19 motions shall be heard more than 35 days *after* this deadline, *i.e.*, if any party waits
20 until the last day to file, then the parties must adhere to the 35-day track in order to
21 avoid pressure on the trial date.

22 11. The **FINAL PRETRIAL CONFERENCE** shall be at **2:00 P.M.** on **JANUARY 28, 2008**. For
23 the form of submissions for the final pretrial conference and trial, please see
24 paragraph 15 below.

25 12. A **JURY TRIAL** shall begin on **FEBRUARY 11, 2008**, at **7:30 A.M.**, in Courtroom 9,
26 19th Floor, 450 Golden Gate Avenue, San Francisco, California, 94102. The trial
27 schedule and time limits shall be set at the final pretrial conference. Although almost
28 all trials proceed on the date scheduled, it may be necessary on occasion for a case to

1  trail, meaning the trial may commence a few days or even a few weeks after the date
2  stated above, due to calendar congestion and the need to give priority to criminal trials.
3  Counsel and the parties should plan accordingly, including advising witnesses.
4  13. Counsel may not stipulate around the foregoing dates without Court approval.
5  14. While the Court encourages the parties to engage in settlement discussions, please do
6  not ask for any extensions on the ground of settlement discussions or on the ground that
7  the parties experienced delays in scheduling settlement conferences, mediation or ENE.
8  The parties should proceed to prepare their cases for trial.  No continuance (even if
9  stipulated) shall be granted on the ground of incomplete preparation without competent
10 and detailed declarations setting forth good cause.
11 15. To avoid any misunderstanding with respect to the final pretrial conference and trial,
12 the Court wishes to emphasize that all filings and appearances must be made — on pain
13 of dismissal, default or other sanction — unless and until a dismissal fully resolving the
14 case is received.  It will not be enough to inform the clerk that a settlement in principle
15 has been reached or to lodge a partially executed settlement agreement or to lodge a
16 fully executed agreement (or dismissal) that resolves less than the entire case.  Where,
17 however, a fully-executed settlement agreement clearly and fully disposing of the entire
18 case is lodged reasonably in advance of the pretrial conference or trial and only a
19 ministerial act remains, the Court will arrange a telephone conference to work out an
20 alternate procedure pending a formal dismissal.
21 16. If you have not already done so, please read and follow the "Supplemental Order to
22 Order Setting Initial Case Management Conference in Civil Cases Before Judge
23 William Alsup" and other orders issued by the Clerk's office when this action was
24 commenced.  Among other things, the supplemental order explains when submissions
25 are to go to the Clerk's Office (the general rule) versus when submissions may go
26 directly to chambers (rarely).  With respect to the final pretrial conference and trial,
27 please read and follow the "Guidelines For Trial and Final Pretrial Conference in Civil
28 Jury Cases Before The Honorable William Alsup."  All orders and guidelines

6

referenced in the paragraph are available on the district court's website at http://www.cand.uscourts.gov.  The website also includes other guidelines for attorney's fees motions and the necessary form of attorney time records for cases before Judge Alsup.  If you do not have access to the Internet, you may contact Deputy Clerk Dawn K. Toland at (415) 522-2020 to learn how to pick up a hard copy.

17. All pretrial disclosures under FRCP 26(a)(3) and objections required by FRCP 26(a)(3) must be made on the schedule established by said rule.

**IT IS SO ORDERED.**

Dated:  December 8, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE