IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ZORAN CORPORATION DERIVATIVE LITIGATION<br><br>This document relates to:<br><br>All Actions<br>_____/ | No. C 06-05503 WHA<br><br>**FURTHER REQUEST FOR INFORMATION** |

Counsel for both sides should address the following issues in a submission by **MARCH 21, 2008, AT NOON**:

- As a result of the hearing on the motion for preliminary approval and the submissions submitted thereto, the Court was under the impression that the options repriced as part of the settlement were repriced in *December 2007 or thereafter*. The Court was surprised to learn in reviewing the supplemental submissions by counsel that the repriced options were actually repriced in December 2006 — even before the case was allowed to go forward under Rule 12. Please explain where, if at all, in the submissions made before the hearing on the preliminary, *i.e.*, March 3, 2008, or in the transcript of the preliminary hearing of approval that either side indicated that the repriced options had actually been repriced well over a year ago.

- Is there any authority, pro or con, on whether past ameliorative conduct adopted by a company which has already occurred can count as consideration for a Rule 23.1 settlement over a year later?
- For both plaintiff and defendant's Black-Scholes analysis, please explain exactly what inputs were used for each valuation date, *i.e.*, 12/3/07, 2/26/08, 3/3/08, how these inputs were obtained, why these inputs are the correct inputs, and why the results for plaintiff's analysis differ from defendants'.
- From the plaintiff's motion for preliminary approval (Dkt. 128) and the stipulation of settlement, it appeared that the Black-Scholes method was used to value both the canceled options *and* the repriced options. From the supplemental responses, however, the Court has learned that only the canceled options were valued using the Black-Scholes method and the repriced options were valued using a so-called "intrinsic value" method. Plaintiff's expert Chris Johnson chose to value both the repriced options and the canceled options using the Black-Scholes method. Please explain where in the submissions made before the hearing for preliminary approval, *i.e.*, March 3, 2008, or at the hearing that counsel indicated that only the canceled options were valued using the Black-Scholes method. Why was the Black-Scholes method not used in valuing the repriced options?
- Please provide a copy of the memorandum of understanding. The submission by the parties should indicate when the MOU was actually signed by all parties.
- Have any of the corporate governance remedial measures established as part of the settlement agreement already been adopted by Zoran? If so, when were they adopted?
- At the hearing on the motion for preliminary approval, the parties represented that the special committee found that $6.2 million in options that should have been repriced had actually been exercised. Of this $6.2 million, $1.65 million had been exercised by the individual defendants. Accordingly, as counsel put it,

the $1.65 million being returned to the company "represented 100% of the personal benefit that the individual defendants derived." Please explain how this $1.65 million fits in with plaintiff's expert damage report, which seems to attribute only $1.35 million in damages to the individual defendants.

- Is it correct that all allegedly backdated options have been repriced by the company except those which have already been exercised?

Dated: March 19, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3