LYNN LINCOLN SARKO
JULI E. FARRIS (CSB No. 141716)
ELIZABETH A. LELAND
SHANE P. CRAMER
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone:     (206) 623-1900
Facsimile:      (206) 623-3384

GARY A. GOTTO
KELLER ROHRBACK P.L.C.
National Bank Plaza
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone:     (602) 248-0088
Facsimile:      (602) 248-2822

**Attorneys for Lead Plaintiff Gerald del Rosario**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ZORAN CORPORATION DERIVATIVE LITIGATION | No. CV 06-05503 WHA<br><br>DERIVATIVE ACTION |
| This Document Relates To:<br><br>ALL ACTIONS | [~~PROPOSED~~] **ORDER PRELIMINARILY APPROVING SETTLEMENT** |

**ORDER PRELIMINARILY APPROVING SETTLEMENT**

The motion of derivative plaintiff Gerald del Rosario on behalf of nominal defendant Zoran Corporation ("Zoran") for preliminary approval of the Stipulation of Settlement ("Stipulation") and the Settlement contained therein (the "Settlement") entered into by the Parties on or about May 29, 2008, came on regularly for consideration by the Court. The Court having reviewed and considered all documents, evidence, and arguments of counsel presented in support of said motion, and good cause appearing therefor, enters this Order Preliminarily Approving Settlement (the "Order") as follows:

1. Unless otherwise stated herein, all capitalized terms contained in this Order shall have the same meaning and effect as stated in the Stipulation.

2. The Settlement, and the terms and conditions set forth therein, is preliminarily approved as fair, reasonable and adequate.

3. The Notice specified in the Stipulation constitutes sufficient notice to Zoran's shareholders pursuant to the requirements of Fed. R. Civ. P. 23.1. Within ten days (10) after entry of this Order, Zoran shall disseminate Notice to registered Zoran shareholders in accordance with the terms of the Stipulation.

4. The Settlement Hearing shall be held by this Court on Aug 18, 2008, at 2:00 p.m., [60 days after entry of the Preliminary Approval Order] to consider and finally determine whether the Settlement is fair, reasonable and adequate, and to hear objections, if any, made to the Settlement or any of its terms. During the Settlement Hearing, the Court will also rule upon Lead Plaintiff's petition for an award of his attorney's fees and reimbursement of his costs. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice other than announcement at such Settlement Hearing or subsequent adjournment.

5. Lead Plaintiff shall file and serve his Motion for Final Approval of the Stipulation of Settlement ("Final Approval Motion") and for an award of attorney's fees and expenses, and any supporting papers, at least thirty (30) days before the Settlement Hearing;

6. Any Shareholder who wishes to object to the fairness, reasonableness or adequacy of the Settlement, to any term of the Settlement Agreement, or to the proposed award of attorneys' fees and expenses must file an objection no later than twenty-one (21) days prior to the Settlement Hearing by:

(a) filing with the Clerk of the Court proof of ownership of Zoran common stock, including the number of shares of Zoran Common Stock held and the date of purchase, and providing a statement that indicates the nature of such objection, any legal support and/or evidence that such shareholder wishes to bring to the Court's attention or introduce in support of such objection, and any documentation in support of any objection; and

(b) simultaneously serving copies of such proof, statement and documentation, together with copies of any other papers or briefs such shareholder files with the Court, in person or by mail, upon counsel listed below, provided that if service is made by mail, then service by electronic mail or facsimile also shall be made on counsel listed below, no later than twenty-one (21) days before the date of the Settlement Hearing:

> Juli E. Farris
> Keller Rohrback L.L.P.
> 1201 Third Avenue, Suite 3200
> Seattle, WA  98101-3052
> *Counsel for Lead Plaintiff*
>
> Susan Muck
> Fenwick & West LLP
> 555 California Street, Suite 1200
> San Francisco, CA  94104
> *Counsel for Aharon Aharon, Raymond A. Burgess, Uzia Galil, Paul Goldberg, James D. Meindl, James B. Owens, Jr., Isaac Shenberg, Alex Sinar, and Arthur Stabenow*
>
> Steven Kaufhold
> Akin Gump Strauss Hauer & Feld LLP
> 580 California Street, Suite 1500
> San Francisco, CA  94104-1036
> *Counsel for Nominal Defendant Zoran Corporation*
>
> John Dwyer
> Cooley Godward Kronish LLP
> Five Palo Alto Square
> 3000 El Camino Real
> Palo Alto, CA  94306
> *Counsel for Dr. Levy Gerzberg, Ph.D.*

John Hemann
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA  95104
*Counsel for Karl Schneider*

Sara B. Brody
Heller Ehrman LLP
333 Bush Street
San Francisco, CA  94104
*Counsel for Camillo Martino*

7. Any shareholder who does not timely make his, her, or its objection to the Settlement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, the Plaintiff's application for attorneys' fees and expenses, and shall otherwise be bound by the Judgment to be entered on the releases given.

8. Lead Plaintiff shall file and serve a reply brief in further support of the Final Approval Motion, which shall include a response to any timely-filed objections, at least seven (7) days before the Settlement Hearing;

9. Defendants shall file and serve any papers in support of the Final Approval Motion, or in response to any timely-filed objections, at least seven (7) days before the Settlement Hearing;

10. Any objector who timely files and serves a written objection in accordance with paragraph 6 above, may also appear at the Settlement Hearing either in person or through counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Settlement Hearing must effect service of a notice of intention to appear, which sets forth, among other things, the name, address and telephone number of the objector (and, if applicable, the name, address and telephone number of the objector's attorney), and the identities of any witnesses that such shareholder plans to call at the Settlement Hearing, on counsel listed above (at the addresses set out above) and file such notice of intention to appear with the Court by no later than five (5) business days before the date of the Settlement Hearing.  Filing and service may be effected on the Court and counsel by mail, provided that service by electronic mail or facsimile

also is made on counsel listed above no later than five (5) business days before the date of the Settlement Hearing. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to be heard at the Settlement Hearing, except upon a showing of good cause and excusable neglect.

11. If the Settlement receives final approval by the Court ("Final Court Approval"), the Court shall enter the Final Order and Judgment in the forms submitted by the parties, or in any other form of Order deemed appropriate by the Court. The Judgment shall be fully binding with respect to all parties in accordance with the terms of the Stipulation.

12. The Court adjudges that, if and when the Judgment is entered, upon the Effective Date, (a) Lead Plaintiff on his own behalf individually, and derivatively on behalf of Zoran and Zoran's shareholders, and (b) Zoran shall have, and by operation of the Judgment shall be deemed to have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons and all claims that were made or could have been made against the Released Persons arising out of, relating to, or in connection with the prosecution, defense, Settlement or resolution of the Derivative Litigation, including Unknown Claims.

13. The Court adjudges that, if and when the Judgment is entered, upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged Lead Plaintiff and Lead Plaintiff's Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, Settlement or resolution of the Derivative Litigation or the Released Claims.

14. All proceedings and all further activity regarding or directed towards the Derivative Litigation, including but not limited to all discovery activities, shall be stayed and suspended until further order of this Court, except as to such actions as may be necessary to implement the Settlement or this Order.

15. In the event that the Stipulation is not approved by the Court, or the Settlement set forth in the Stipulation is terminated, or fails to become Final in accordance with its terms, all parties to the Derivative Litigation (including Lead Plaintiff and all Defendants) shall be restored

to their respective positions in the Derivative Litigation as of the date of signing the Stipulation. In such event, all negotiations, proceedings, communications, correspondence and documents prepared and statements made in connection with the Stipulation shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any Settling Party of any act, matter or proposition and shall not be used in any manner for any purpose in any subsequent proceeding in the Derivative Litigation, or in any other action or proceeding and the terms and provisions of the Stipulation, except as otherwise provided for in Section 5.3 of the Stipulation, shall have no further force and effect with respect to all parties to the Derivative Litigation and shall not be used in the Derivative Litigation, or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

16. The dates of performance of this Order are as follows:

(a) Zoran shall cause the Notice to be mailed to its shareholders of record within ten (10) days of ~~the entry of this Order;~~ approval of form notice;

(b) Lead Plaintiff shall file and serve his motion for Final Settlement Approval and for an award of attorney's fees and expenses, and supporting papers, at least thirty (30) days before the Settlement Hearing;

(c) Objections to the Settlement shall be deemed timely only if filed with the Court and served on the parties at least twenty-one (21) days before the Settlement Hearing;

(d) Lead Plaintiff shall file and serve a reply in support of Settlement and for an award of attorneys' fees and expenses, which shall include a response to any timely-filed objections, at least seven (7) days before the Settlement Hearing;

(e) Defendants shall file and serve papers, if any, in support of Final Court Approval at least seven (7) days before the Settlement Hearing,

(f) Notices of intention to appear at the Settlement Hearing shall be deemed timely only if filed by a shareholder who previously filed a timely objection and only if filed with the Court and served on the parties at least five (5) business days before the Settlement Hearing; and

1  (g)   The Settlement Hearing shall be ~~held sixty (60) days after entry of the Preliminary Approval Order on __, 2008 at __:_0_.m.~~ as per above.

**IT IS SO ORDERED.**

Dated: __6-11__, 2008

_____
The Honorable William Alsup
United States District Court

*IT IS SO ORDERED / Judge William Alsup* (seal)