1   STEVE S. KAUFHOLD (SBN 157195)
    AMIT KURLEKAR (SBN 244230)
2   **AKIN GUMP STRAUSS HAUER & FELD LLP**
    580 California, 15th Floor
3   San Francisco, California 94104-1036
    Telephone:      415-765-9500
4   Facsimile:      415-765-9501

5   Attorneys for Nominal Defendant Zoran Corporation

6

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  IN RE ZORAN CORPORATION            Case No. CV 06-05503 WHA
    DERIVATIVE LITIGATION,
12                                     **STIPULATION AND [PROPOSED]**
                                       **ORDER RE AMENDED NOTICE OF**
13                                     **PROPOSED SETTLEMENT**

14  This Document Relates To:

15  ALL ACTIONS

16

17         Lead Plaintiff Gerald del Rosario ("Plaintiff"); defendants Uzia Galil, Levy Gerzberg, Karl

18  Schneider, Raymond A. Burgess, James D. Meindl, James B. Owens, Jr., Arthur B. Stabenow, and

19  Camillo Martino (the "Individual Defendants"); and nominal defendant Zoran Corporation ("Zoran,"

20  and collectively with the Individual Defendants, "Defendants"), by and through their respective

21  counsel of record, hereby agree and stipulate as follows:

22

23                              **STIPULATION**

24         WHEREAS, the parties executed a Stipulation of Settlement for this action on May 29, 2008

25  (the "Settlement");

26         WHEREAS, the Court granted preliminary approval for the Settlement at a hearing on June 11,

27  2008;

28

1    WHEREAS, the Court set an August 18, 2008 hearing date for consideration of Lead Plaintiff's

2  Motion for Final Approval of the Stipulation of Settlement (the "Settlement Hearing");

3    WHEREAS, the Court approved the parties' Notice of Proposed Settlement (the "Original

4  Notice") on June 12, 2008, subject to three conditions;

5    WHEREAS, the parties have amended the Original Notice to satisfy the Court's conditions;

6    WHEREAS, the parties have also amended Section VI of the Original Notice (entitled "WHAT

7  CLAIMS THE SETTLEMENT WILL RELEASE") to conform its language exactly to the description

8  of released claims in the Settlement, as approved by this Court;

9    WHEREAS, the parties have also changed the phone number given in the Original Notice to

10  contact Lead Plaintiff's counsel to a toll-free phone number, in order to make such contact less onerous

11  for Zoran's shareholders;

12    WHEREAS, the parties have also inserted instructions to banks, brokers and other nominees

13  for beneficial owners of Zoran stock as to how to facilitate the notification of such beneficial owners of

14  the Settlement;

15    WHEREAS, the parties have also corrected certain typographical errors in the Original Notice,

16  including the title of the operative Complaint;

17    WHEREAS, the parties have attached the Notice of Proposed Settlement, amended as

18  described above, as Exhibit A to this Stipulation (the "Amended Notice"), and have attached as Exhibit

19  B a redline displaying the revisions made to the Original Notice to create the Amended Notice, for the

20  Court's convenience;

21    WHEREAS, Lead Plaintiff maintains that the Amended Notice should be mailed no later than

22  June 23, 2008, to ensure that shareholders have sufficient time to receive and review the Amended

23  Notice and Proposed Settlement in advance of the deadline for filing objections;

24    THEREFORE, it is hereby stipulated and agreed, subject to the approval of the Court, that the

25  following Order be entered:

26    1.    The Amended Notice is hereby approved;

27

28

2.      Lead Plaintiff must file and serve his Motion for Final Approval of the Proposed Settlement and for attorneys' fees and expenses no later than July 18, 2008 (30 calendar days before the Settlement Hearing);

3.      Any shareholder wishing to object to any term of the Proposed Settlement or the requested attorneys' fees and expenses must so object no later than August 4, 2008 (14 calendar days before the Settlement Hearing);

4.      Lead Plaintiff must file his reply brief, including any response to timely filed objections, no later than August 11, 2008 (seven calendar days before the Settlement Hearing);

5.      Defendants must file and serve any papers in support of Final Approval no later than August 11, 2008 (seven calendar days before the Settlement Hearing);

6.      Any objector intending to appear at the Settlement Hearing must file his or her notice of intent to appear no later than August 11, 2008 (five business days before the Settlement Hearing).

Dated:  June 19, 2008                    AKIN GUMP STRAUSS HAUER & FELD LLP

By_____/s/_____
                    Steven S. Kaufhold
Attorneys for Nominal Defendant Zoran
Corporation


Dated:  June 19, 2008                    COOLEY GODWARD KRONISH LLP

By_____/s/_____
                    John C. Dwyer
Attorneys for Defendant Levy Gerzberg


Dated:  June 19, 2008                    MORGAN LEWIS & BOCKIUS

By_____/s/_____
                    John Henry Hemann
Attorneys for Defendant Karl Schneider

Dated: June 19, 2008                    FENWICK & WEST LLP

                                        By_____/s/_____
                                                      Susan S. Muck
                                        Attorneys for Defendants Uzia Galil, Raymond A.
                                        Burgess, James D. Meindl, James B. Owens, Jr.,
                                        and Arthur B. Stabenow


Dated: June 19, 2008                    HELLER EHRMAN LLP

                                        By_____/s/_____
                                                      Sara B. Brody
                                        Attorneys for Defendant Camillo Martino


Dated: June 19, 2008                    KELLER ROHRBACK LLP

                                        By_____/s/_____
                                                      Juli E. Farris
                                        Attorneys for Lead Plaintiff Gerald del Rosario


PURSUANT TO THE ABOVE STIPULATION, IT IS SO ORDERED.


DATED:    ____June 30, 2008.____        _____
                                              Honorable William H. Alsup
                                              United States District Judge

# **<u>EXHIBIT A</u>**

LYNN LINCOLN SARKO
JULI E. FARRIS (CSB No. 141716)
ELIZABETH A. LELAND
SHANE P. CRAMER
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone:      (206) 623-1900
Facsimile:      (206) 623-3384

GARY A. GOTTO
KELLER ROHRBACK P.L.C.
National Bank Plaza
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
Telephone:      (602) 248-0088
Facsimile:      (602) 248-2822

**Attorneys for Lead Plaintiff Gerald del Rosario**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE ZORAN CORPORATION DERIVATIVE LITIGATION | No. CV 06-05503 WHA<br><br>DERIVATIVE ACTION |
| This Document Relates To:<br><br>ALL ACTIONS | **NOTICE OF PROPOSED SETTLEMENT OF DERIVATIVE ACTION AND OF SETTLEMENT HEARING** |

1

2

**NOTICE OF PROPOSED SETTLEMENT OF DERIVATIVE ACTION
AND OF SETTLEMENT HEARING**

3

4

5

**TO:   ALL HOLDERS OF THE COMMON STOCK OF ZORAN CORPORATION
("ZORAN" OR THE "COMPANY").   PLEASE READ THIS NOTICE CAREFULLY
AND COMPLETELY.   YOUR RIGHTS WILL BE AFFECTED.   IF YOU HOLD ZORAN
COMMON STOCK FOR THE BENEFIT OF ANOTHER, PLEASE TRANSMIT THIS
NOTICE TO SUCH BENEFICIAL OWNER.**

6

## I.   WHY YOU ARE RECEIVING THIS NOTICE

7

8

9

The purpose of the Notice is to advise you that the above-captioned action relating to Zoran (the "Action") is now pending in the United States District Court of Northern District of California (the "Court") and that the parties thereto have entered into a settlement (the "Settlement"), subject to Court approval, which would fully, finally and forever resolve the Action on the terms and conditions summarized in this Notice.

10

11

12

13

14

15

A hearing (the "Settlement Hearing") will be held on August 18, 2008, at 2:00 p.m., before the Honorable William H. Alsup, at the courthouse of the United States District Court of Northern District of California, 450 Golden Gate Avenue, San Francisco, California, CA 94102, for the purpose of considering: (i) whether the Settlement is fair, reasonable, adequate, and in the best interests of the parties, and should be approved by the Court; (ii) whether to enter a Judgment giving final approval to the Settlement ("Judgment"), dismissing the Action with prejudice, and effectuating the releases described below; (iii) whether Lead Plaintiff's Counsel's application for attorneys' fees and expenses should be granted if the Court approves the Settlement; and (iv) such other necessary and proper matters.   It is not necessary that any Zoran shareholder appear at the Settlement Hearing.

16

17

18

19

The parties believe that the terms of the Settlement are fair, reasonable, and adequate.   The parties have concluded that further litigation of the Action could be protracted, disruptive and costly, and have taken into account the uncertainty and risks inherent in any litigation, especially in complex shareholder litigation like the Action.   The parties therefore believe it is desirable that the Action be fully and finally settled in the manner described in the Stipulation of Settlement signed by the parties on May 29, 2008 (the "Stipulation of Settlement").

20

21

22

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE THE FINDINGS OF THE
COURT. IT IS BASED ON THE STATEMENTS OF THE PARTIES AND SHOULD NOT
BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO
THE MERITS OF ANY OF THE CLAIMS OR DEFENSES ASSERTED BY ANY OF
THE PARTIES.**

23

## II.   WHAT THE ACTION IS ABOUT

24

25

26

27

The Action is a shareholder derivative case brought derivatively for the benefit of nominal defendant Zoran against certain members of the Company's board of directors and various of its current and former executive officers (collectively, the "Individual Defendants," and together with nominal defendant Zoran, the "Defendants").   The Individual Defendants are Uzia Galil, Levy Gerzberg, Karl Schneider, Raymond A. Burgess, James D. Meindl, James B. Owens, Jr., Arthur B. Stabenow and Camillo Martino.

28

On May 16, 2006, the Center for Financial Research and Analysis ("CFRA") issued a report identifying dozens of companies, including Zoran, that were purportedly "at risk" for having backdated stock options. On May 23, 2006, Zoran announced that the Company's management and its outside counsel had conducted an internal review with respect to the options grants identified by CFRA. On July 3, 2006, Zoran announced that its Board of Directors had formed a Special Committee of outside directors ("Special Committee") to conduct an independent investigation into whether there had been any improper backdating of stock option grants since Zoran's initial public offering in 1995. The Special Committee retained independent legal counsel in connection with the investigation.[1]

In June and September 2006, three shareholder derivative actions alleging claims under federal and state law based on backdating of stock options were filed in the Northern District of California against the Individual Defendants and Zoran as a nominal defendant.[2] On December 8, 2006, the Court consolidated the derivative actions into the above-captioned Derivative Litigation, and on January 18, 2007, Mr. del Rosario was appointed Lead Plaintiff.[3]

On February 20, 2007, the Company reported that as a result of the Special Committee investigation, recorded grant dates for a small number of stock option grants would need to be remeasured for financial accounting purposes. The Board also concluded that there was no intentional misconduct by Zoran's senior management. Zoran subsequently restated its historical financial statements to reflect the adjusted measurement dates, taking a non-cash compensation charge of $11.7 million.

Lead Plaintiff filed a Consolidated Complaint in the Derivative Litigation on March 14, 2007. In the Consolidated Complaint, Lead Plaintiff asserts claims under Section 10(b), Section 14(a) and Section 20(a) of the Securities Exchange Act of 1934, as well as claims under state law for breach of fiduciary duty, constructive fraud, abuse of control, corporate waste and gift, gross mismanagement, unjust enrichment, and recission. The Complaint alleges, among other things, that from at least 1997 through 2005, the Individual Defendants engaged in unlawful or improper practices related to Zoran's granting and accounting for stock options (including, but not limited to, "backdating" or otherwise misdating or improperly timing option grants, and not complying

[1] Zoran also announced that it had received an informal inquiry from the Securities and Exchange Commission ("SEC") requesting documents related to its stock option granting practices, as well as a grand jury subpoena from the office of the U.S. Attorney for the Northern District of California requesting documents regarding stock options. On November 2, 2007, the SEC notified Zoran that the Staff's investigation had been terminated and that no enforcement action against Zoran or any of its officers, directors or employees has been recommended to the Commission. Similarly, no action has been taken by the U.S. Attorney's office with respect to Zoran or its officers, directors or employees.

[2] One of these actions, *NECA-IBEW v. Galil, et al*, No. 06-cv-3742, was voluntarily dismissed on December 4, 2006  In addition, a putative class action, alleging violations of the Securities Exchange Act, based upon the same facts and circumstances giving rise to the Derivative Litigation, filed in this Court on August 10, 2006, was voluntarily dismissed on March 20, 2007.

[3] A nearly identical state court derivative action based upon the same facts and against substantially the same defendants is currently pending in Santa Clara Superior Court, entitled *In re Zoran Derivative Litigation*, Case No. 1:06CV073498 (the "State Derivative Litigation"). The Santa Clara Superior Court has stayed the State Derivative Litigation in light of this action until further order of the Superior Court.

2

with the Company's option plans); this conduct allegedly resulted in false or misleading financial statements, other statements and proxies, improper and/or additional compensation expenses and tax liabilities, and other expenses, including but not limited to those relating to the Special Committee's investigation and April 20, 2007 restated financials. In addition, Lead Plaintiff has subsequently alleged that certain practices and option grants not specifically asserted in the Consolidated Complaint violated the Company's stock option plans or are otherwise actionable.

Defendants thereafter moved to dismiss the Derivative Litigation on grounds that Lead Plaintiff had failed to make a pre-suit demand on Zoran's Board of Directors or to allege facts sufficient to establish that such a demand would have been futile. The Court ruled that Lead Plaintiff's Consolidated Complaint alleged facts sufficient to excuse demand at the pleading stage. The Court dismissed certain causes of action, however, on standing, statute of limitations, and other grounds. Thereafter, Defendants filed Answers and Affirmative Defenses, and the parties commenced discovery.

On September 11, 2007, the parties participated in Court-ordered mediation proceedings before the Honorable Charles A. Legge of JAMS. Thereafter, the parties continued their settlement discussions and had numerous face-to-face meetings and telephone conferences, with and without Judge Legge, in furtherance of a possible resolution of the Derivative Litigation. Among other things, the parties exchanged extensive information relating to the grants challenged in the Derivative Litigation, and Lead Plaintiff conducted substantial discovery, including, but not limited to, receipt of over one million pages of documents and depositions of key witnesses.

By motion dated February 26, 2008, Lead Plaintiff moved for preliminary approval of a proposed stipulation of settlement involving the cancellation or repricing of certain stock options, corporate governance remedial measures and other provisions, including payment of a fee to Lead Plaintiff's Counsel. By Order dated April 7, 2008, the Court denied the motion for preliminary approval.

From March through mid-May, the parties completed substantial additional discovery, including depositions by Lead Plaintiff's Counsel of additional party and non-party witnesses and the production to Lead Plaintiff of thousands of additional documents. Thereafter, the parties engaged in further settlement negotiations, both in person and telephonically. All of the negotiations were conducted in good faith and at arm's length, incorporating the guidance provided by the Court in its April 7 Order. All parties were represented by counsel experienced in litigation of this type. As a result of these settlement discussions, the parties entered into the Stipulation of Settlement on May 29, 2008, which provided the terms for settling the Action.

## III.   **DEFENDANTS' POSITION WITH RESPECT TO SETTLEMENT**

The Individual Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Derivative Litigation. The Individual Defendants have denied and continue to deny that any of their conduct relating to the granting, exercise or disclosure of options was wrongful. The Individual Defendants have denied and continue to deny that any intentional backdating of stock option grants ever occurred. The Individual Defendants also have denied and continue to deny the allegations that Zoran suffered damages as a result of the conduct alleged in the Derivative Litigation, or that Lead Plaintiff or Zoran have any right of

3

recovery whatsoever. To the contrary, the Individual Defendants have asserted that at all relevant times, they have acted in the utmost good faith and in a manner they reasonably believed to be in the best interests of Zoran and its shareholders.

Nonetheless, the Individual Defendants recognize that defense of the Derivative Litigation has usurped—and would continue to usurp—valuable management time and resources, will continue to disrupt Zoran's business, and will continue to impose enormous financial burdens on Zoran. The proposed settlement offers to provide Zoran a substantial amount of cash immediately, which Zoran can use to fund its operations and research and development. The Individual Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this one. The Individual Defendants enter into this Stipulation to obtain a full and final release, directly and/or by operation of law, of all claims that are or could have been asserted against them in the Derivative Litigation, in the State Derivative Litigation, or in any other federal or state litigation asserting Released Claims. The Individual Defendants further intend that the Judgment entered in the Derivative Litigation will fully incorporate the terms of this Settlement and will have preclusive effect as to the Released Claims to the fullest extent of any applicable federal or state law. As a result, the Individual Defendants have determined that it is appropriate and desirable that the Derivative Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation. The Individual Defendants make this decision voluntarily, and under no compulsion to do so.

Nominal Defendant Zoran enters into this Stipulation based on its belief that this Settlement provides substantial benefit to the Company and its shareholders. Specifically, the Company will receive a multi-million dollar payment and will also benefit from the cancellation and repricing of certain stock options previously granted to the Individual Defendants. Moreover, the proposed Settlement will permit the Company, its Directors, Officers and employees to focus on serving Zoran customers and creating value for Zoran shareholders rather than diverting resources to protracted and costly litigation. Finally, the Company believes that this Settlement is desirable because it provides the Company with a substantial recovery without the risk of an adverse litigation result.

## IV.    LEAD PLAINTIFF'S POSITION WITH RESPECT TO SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Derivative Litigation have merit and that the evidence developed to date, which includes both information developed by Lead Plaintiff's Counsel independently and in the course of extensive discovery in the litigation, supports those claims. Lead Plaintiff and Lead Plaintiff's Counsel recognize, however, the expense and length of continued proceedings necessary to prosecute the Derivative Litigation against the Defendants through trial and, potentially, through appeals. Lead Plaintiff has also taken into account the uncertain outcome and the risk of litigation and inherent delay in resolution of the claims that result from protracted proceedings. Counsel for the Lead Plaintiff are mindful of the inherent problems of proof and possible defenses to the claims asserted in the derivative lawsuit, including, but not limited to statutes of limitation, good faith reliance on outside counsel and auditors, failure to satisfy the demand requirement of Rule 23.1, failure to establish any breach of duty, failure to establish causation, and failure to establish damages.

Lead Plaintiff and his Counsel also considered: (1) the arguments and evidence regarding Defendants' good faith reliance on outside counsel and auditors; (2) the size of Zoran's

4

restatement in relation to Zoran's overall revenues and the broad time period covered; (3) the nature of the circumstances giving rise to the measurement date errors; (4) the scope and depth of the investigation conducted by the Special Committee, with the assistance of experienced counsel; (5) the Special Committee's conclusion that no intentional wrongdoing occurred; and (6) the SEC's decision to terminate its investigation without further action.  In order to thoroughly evaluate each of these claims, Lead Plaintiff and his Counsel engaged in extensive analysis of evidence produced during the litigation, and the parties exchanged additional information subject to Rule 408, as part of their settlement negotiations.  Lead Plaintiff and his Counsel also weighed the potential for denial of insurance coverage on some or all of Lead Plaintiff's claims, the additional costs to the Company were it necessary to litigate those issues, and the uncertainty as to what damages Zoran would ultimately be entitled to recover even if Lead Plaintiff were to prevail on some or all of the asserted claims.  In particular, Lead Plaintiff weighed the benefit to Zoran of obtaining nearly $3.4 million in cash (less awarded attorneys' fees and costs), plus other consideration, as set forth below, against the possibility that the Individual Defendants might prevail on dispositive motions or at trial, in which case Zoran would receive no cash or other consideration from this litigation.

Based on Lead Plaintiff's evaluation and the evaluation of his Counsel, Lead Plaintiff has determined that it is desirable to settle the Derivative Litigation on the terms set forth in this Stipulation.  Lead Plaintiff believes that the proposed Settlement of the Derivative Litigation will promote the best interests of Zoran and its shareholders and that such terms reflect a fair, reasonable and adequate outcome of the Derivative Litigation.

## V.   **WHAT THE SETTLEMENT PROVIDES**

The terms and conditions of the proposed Settlement are set forth in the Stipulation of Settlement described above.  The Stipulation of Settlement has been filed with the Court.  The following is only a summary of its terms.

Under the proposed Settlement, the Company has agreed to implement and/or continue various corporate governance measures, including measures related to the granting and administration of stock option grants.  These measures are described in the Stipulation of Settlement and represent multi-tiered and comprehensive corporate governance practices involving stock option and other compensation and related disclosure and accounting policies.  As additional consideration for this Settlement, a number of the measures previously adopted and the additional measures, identified in Attachment A to the Stipulation of Settlement, shall continue for a period of at least three years.

In addition, (1) the Individual Defendants shall cause to be paid the amount of $3,395,000 in cash to Zoran, of which $296,250 will be paid by Levy Gerzberg, $98,750 will be paid by Karl Schneider, and the remainder will be paid to the Company through applicable insurance; (2) Defendants Gerzberg, Schneider and Stabenow, under no obligation to do so but in order to facilitate this Settlement, have agreed to reprice 101,438 options to the adjusted exercise price reflected in the Company's April 20, 2007 restatement of financials; and (3) Defendant Gerzberg has voluntarily agreed to cancel certain fully vested options, as calculated in the Stipulation of Settlement and using the Black-Scholes methodology with the variable inputs set forth in Exhibit A to the Stipulation.

1

## VI.    WHAT CLAIMS THE SETTLEMENT WILL RELEASE

2

3
Pursuant to the terms of the Stipulation of Settlement, the Action shall be dismissed with
prejudice and Lead Plaintiff, on his own behalf individually and derivatively on behalf of Zoran
and Zoran's shareholders, and Zoran shall have, and by operation of the Judgment shall be

4
deemed to have, fully, finally, and forever released, relinquished and discharged all Released
Claims against the Released Persons and all claims that were made or could have been made

5
against the Released Persons arising out of, relating to, or in connection with the prosecution,
defense, Settlement or resolution of the Action, including Unknown Claims.  Each of the

6
Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully,

7
finally, and forever released, relinquished and discharged Lead Plaintiff and Lead Plaintiff's
Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection

8
with the institution, prosecution, assertion, Settlement or resolution of the Action or the Released
Claims.

9

10
"Released Persons" means each and all of the Released Parties and the Related Persons.

11
"Released Parties" means Zoran and the Individual Defendants Raymond A. Burgess, Uzia Galil,
Levy Gerzberg, Camillo Martino, James D. Meindl, James B. Owens, Jr., Karl Schneider and

12
Arthur B. Stabenow.  "Released Parties" also includes the former defendants in this action who
were dismissed by the Lead Plaintiff without prejudice, pursuant to a tolling agreement: Aharon

13
Aharon, Paul Goldberg, Isaac Shenberg, and Alex Sinar.

14
"Related Persons" means each of a Released Party's present or former spouses, heirs, executors,
estates, administrators, any entity in which a Defendant and/or any member(s) of that Defendant's

15
immediate family has or had a controlling interest, any members of their immediate families, or

16
any trust of which any Defendant is or was the settler or which is or was for the benefit of any
Defendant and/or member(s) of his or her family, each of the Defendants' present and former

17
attorneys, legal representatives, and assigns in connection with the Derivative Litigation, and all
past and present directors, officers, agents, underwriters, controlling shareholders, investment

18
bankers, advisors, accountants, auditors, servants, employees, affiliates, predecessors, successors,

19
parents, subsidiaries, divisions, joint ventures and joint venturers, related or affiliated entities,
assigns and attorneys for nominal defendant Zoran and their counsel.

20
"Released Claims" means any and all claims, rights, demands, causes of action, suits,

21
accountings, matters, and issues, including, but not limited to, those arising under federal or state
contract, statute, or common law, that have been asserted or could have been asserted against the

22
Released Persons by Zoran or by shareholders suing derivatively on behalf of Zoran, in the
Derivative Litigation, based on or arising from the facts, transactions, events, occurrences, acts,

23
disclosures, statements, omissions or failures to act alleged in the Derivative Litigation or closely

24
related thereto, up to and through the date of the filing of the Consolidated Complaint in the
Derivative Litigation on March 14, 2007, including all matters alleged in, or which could have

25
been alleged in, any of the complaints filed in the Derivative Litigation (including Unknown
Claims).

26

27
"Unknown Claims" means any Released Claim which any Settling Party or Related Person does
not know or suspect to exist in his, her or its favor at the time of the release of the Released

28
Persons which, if known by him, her or it, might have affected his, her or its Settlement with and

6

release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.

## VII.   WHAT ATTORNEYS' FEES PLAINTIFF'S COUNSEL WILL SEEK

In connection with the Settlement, Plaintiff's Counsel will apply to the Court for an award of actual attorneys' fees and costs incurred in prosecuting the Action, through Final Judgment and any post-Judgment litigation, based upon their usual and customary fees.  Lead Plaintiff's Counsel has agreed not to seek a "fee multiplier," and will seek only his actual costs, estimated to be no more than $500,000, and will waive any fees that exceed one million dollars.

## VIII.   WHEN AND WHERE THE SETTLEMENT HEARING WILL BE HELD AND HOW TO OBJECT TO THE SETTLEMENT IF YOU WISH TO DO SO

Prior to deciding whether or not to approve the Settlement, the Court will hold a Settlement Hearing, which the Court may adjourn without further notice other than announcement at such Settlement Hearing or subsequent adjournment.  The Court may approve the Settlement with or without modification agreed to by the parties, and with or without further notice to Zoran's shareholders.

Zoran shareholders who comply with the procedures set forth below for objecting or making an appearance (personally or through counsel) may be heard to the extent allowed by the Court regarding the fairness, reasonableness, and adequacy of the Settlement at the Settlement Hearing to be held before the Honorable William H. Alsup on August 18, 2008, at 2:00 p.m., at the courthouse of the United States District Court of Northern District of California, 450 Golden Gate Avenue, San Francisco, California, CA 94102.  You are not required to retain your own counsel, but if you choose to do so it will be at your own expense.  A shareholder wishing to assert an objection to the Settlement must, at least fourteen (14) days prior to the Settlement Hearing:

(1)   file with the Clerk of the Court proof of ownership of Zoran common stock, including the number of shares of Zoran Common Stock held and the date of purchase, and provide a statement that indicates the nature of such objection, any legal support and/or evidence that such shareholder wishes to bring to the Court's attention or introduce in support of such objection, and any documentation in support of any objection; and

(2)   simultaneously serve copies of such notice, proof, statement and documentation, together with copies of any other papers or briefs such shareholder files with the Court, in person or by mail, upon counsel listed below, provided that if service is made by mail, electronic mail and facsimile service shall be made on counsel listed below no later than fourteen (14) days before the date of the Settlement Hearing:

> Juli E. Farris
> Keller Rohrback L.L.P.
> 1201 Third Avenue, Suite 3200
> Seattle, WA  98101-3052
> *Counsel for Lead Plaintiff*

7

Susan Muck
Fenwick & West LLP
555 California Street, Suite 1200
San Francisco, CA  94104
*Counsel for Aharon Aharon, Raymond A. Burgess, Uzia Galil, Paul Goldberg, James D. Meindl, James B. Owens, Jr., Isaac Shenberg, Alex Sinar, and Arthur Stabenow*

Steven Kaufhold
Akin Gump Strauss Hauer & Feld LLP
580 California Street, Suite 1500
San Francisco, CA  94104-1036
*Counsel for Nominal Defendant Zoran Corporation*

John Dwyer
Cooley Godward Kronish LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306
*Counsel for Dr. Levy Gerzberg, Ph.D.*

John Hemann
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA  95105
*Counsel for Karl Schneider*

Sara B. Brody
Heller Ehrman LLP
333 Bush Street
San Francisco, CA  94104
*Counsel for Camillo Martino*

Any shareholder who does not timely make his, her, or its objection to the Settlement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, the Plaintiff's application for attorneys' fees and expenses, and shall otherwise be bound by the Judgment to be entered on the releases given.

Any objector who properly and timely files and serves a written objection may also appear at the Settlement Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Settlement Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address and telephone number of the objector (and, if applicable, the name, address and telephone number of the objector's attorney) on counsel listed above (at the addresses set out above), provide a statement that indicates the basis for such appearance, the identities of any witnesses that such shareholder plans to call at the Settlement Hearing, and file it with the Court by no later than five (5) days before the date of the Settlement Hearing.  Filing and service may be effected on the Court and

8

1   counsel by mail, provided facsimile service is made on counsel listed above by no later than five
2   (5) days before the date of the Settlement Hearing. Any objector who does not timely file and
    serve a notice of intention to appear in accordance with this paragraph shall not be permitted to be
3   heard at the Settlement Hearing, except upon a showing of good cause and excusable neglect.

4           IX.     **NOTICE TO BANKS, BROKERS, OR OTHER NOMINEES**

5   If you hold any Zoran securities purchased during the Class Period as nominee for a beneficial
    owner or owners, then, within ten (10) days after you receive this Notice, you are requested either
6   to: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the
    names and addresses of such Persons to the Administrator:
7

8                   In re Zoran Corporation Derivative Litigation
                    c/o The Garden City Group, Inc.
9                   P.O. Box. XXXX
                    Seattle, WA  98104
10

11  If you choose to mail the Notice yourself, you may obtain from the Administrator (without cost to
    you) as many additional copies of these documents as you will need to complete the mailing.

12  Regardless of whether you choose to complete the mailing yourself or elect to have the mailing
13  performed for you, you may obtain reimbursement for or advancement of reasonable
    administrative costs actually incurred or expected to be incurred in connection with forwarding
14  the Notice and which would not have been incurred but for the obligation to forward the Notice,
    upon submission of appropriate documentation to the Administrator.
15

16          X.      **HOW TO GET FURTHER INFORMATION**

17  Further information regarding the Action and this Notice may be obtained by contacting Lead
    Plaintiff's Counsel: Juli E. Farris, Keller Rohrback L.L.P., 1201 Third Avenue, Suite 3200,
18  Seattle, WA  98101-3052, (800) 360-8904.

19  This Notice does not purport to be a comprehensive description of the Action, the terms of the
    proposed Settlement or the scheduled Settlement Hearing. For more complete information
20  concerning the Action and the proposed Settlement, you may inspect the pleadings, the
    Stipulation of Settlement, and other papers and documents filed with the Court during regular
21  office hours at the Clerk's Office of the United States District Court of Northern District of
    California, 450 Golden Gate Avenue, San Francisco, CA 94102. Alternatively, the full
22  Stipulation of Settlement and certain other key pleadings and related documents filed with the
    Court in this case are available for viewing at www.kellersettlements.com.
23

24          **PLEASE DO NOT TELEPHONE THE COURT OR THE CLERK'S OFFICE**
                           **REGARDING THIS NOTICE**
25

26  Dated: _____, 2008

27                                          BY ORDER OF THE UNITED STATES
                                            DISTRICT COURT OF THE NORTHERN
28                                          DISTRICT OF CALIFORNIA

                                     9

# **EXHIBIT B**

1   LYNN LINCOLN SARKO
    JULI E. FARRIS (CSB No. 141716)
2   ELIZABETH A. LELAND
    SHANE P. CRAMER
3   KELLER ROHRBACK L.L.P.
    1201 Third Avenue, Suite 3200
4   Seattle, WA 98101
    Telephone:    (206) 623-1900
5   Facsimile:    (206) 623-3384

6   GARY A. GOTTO
    KELLER ROHRBACK P.L.C.
7   National Bank Plaza
    3101 North Central Avenue, Suite 1400
8   Phoenix, AZ 85012
    Telephone:    (602) 248-0088
9   Facsimile:    (602) 248-2822

10  **Attorneys for Lead Plaintiff Gerald del
    Rosario**

11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14              SAN FRANCISCO DIVISION

15

16  IN RE ZORAN CORPORATION          No. CV 06-05503 WHA
    DERIVATIVE LITIGATION
17                                   DERIVATIVE ACTION

18  This Document Relates To:        **NOTICE OF PROPOSED SETTLEMENT OF
                                     DERIVATIVE ACTION AND OF
19                                   SETTLEMENT HEARING**

20  ALL ACTIONS

21

22

23

24

25

26

27

28

NOTICE OF PROPOSED SETTLEMENT OF DERIVATIVE ACTION AND OF SETTLEMENT HEARING – CASE NO. C 06-05503 WHA

**NOTICE OF PROPOSED SETTLEMENT OF DERIVATIVE ACTION**
**AND OF SETTLEMENT HEARING**

**TO: ALL HOLDERS OF THE COMMON STOCK OF ZORAN CORPORATION ("ZORAN" OR THE "COMPANY"). PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. YOUR RIGHTS WILL BE AFFECTED. IF YOU HOLD ZORAN COMMON STOCK FOR THE BENEFIT OF ANOTHER, PLEASE TRANSMIT THIS NOTICE TO SUCH BENEFICIAL OWNER.**

### I. WHY YOU ARE RECEIVING THIS NOTICE

The purpose of the Notice is to advise you that the above-captioned action relating to Zoran (the "Action") is now pending in the United States District Court of Northern District of California (the "Court") and that the parties thereto have entered into a settlement (the "Settlement"), subject to Court approval, which would fully, finally and forever resolve the Action on the terms and conditions summarized in this Notice.

A hearing (the "Settlement Hearing") will be held on August 18, 2008, at 2:00 p.m., before the Honorable William H. Alsup, at the courthouse of the United States District Court of Northern District of California, 450 Golden Gate Avenue, San Francisco, California, CA 94102, for the purpose of considering: (i) whether the Settlement is fair, reasonable, adequate, and in the best interests of the parties, and should be approved by the Court; (ii) whether to enter a Judgment giving final approval to the Settlement ("Judgment"), dismissing the Action with prejudice, and effectuating the releases described below; (iii) whether Lead Plaintiff's Counsel's application for attorneys' fees and expenses should be granted if the Court approves the Settlement; and (iv) such other necessary and proper matters. It is not necessary that any Zoran shareholder appear at the Settlement Hearing.

The parties believe that the terms of the Settlement are fair, reasonable, and adequate. The parties have concluded that further litigation of the Action could be protracted, disruptive and costly, and have taken into account the uncertainty and risks inherent in any litigation, especially in complex shareholder litigation like the Action. The parties therefore believe it is desirable that the Action be fully and finally settled in the manner described in the Stipulation of Settlement signed by the parties on May 29, 2008 (the "Stipulation of Settlement").

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE THE FINDINGS OF THE COURT. IT IS BASED ON THE STATEMENTS OF THE PARTIES AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES ASSERTED BY ANY OF THE PARTIES.**

### II. WHAT THE ACTION IS ABOUT

The Action is a shareholder derivative case brought derivatively for the benefit of nominal defendant Zoran against certain members of the Company's board of directors and various of its current and former executive officers (collectively, the "Individual Defendants," and together with nominal defendant Zoran, the "Defendants"). The Individual Defendants are Uzia Galil, Levy Gerzberg, Karl Schneider, Raymond A. Burgess, James D. Meindl, James B. Owens, Jr., Arthur B. Stabenow and Camillo Martino.

1

Deleted: _____,
Deleted: _____
Deleted: the
Deleted: e
Deleted: _____

On May 16, 2006, the Center for Financial Research and Analysis ("CFRA") issued a report identifying dozens of companies, including Zoran, that were purportedly "at risk" for having backdated stock options. On May 23, 2006, Zoran announced that the Company's management and its outside counsel had conducted an internal review with respect to the options grants identified by CFRA. On July 3, 2006, Zoran announced that its Board of Directors had formed a Special Committee of outside directors ("Special Committee") to conduct an independent investigation into whether there had been any improper backdating of stock option grants since Zoran's initial public offering in 1995. The Special Committee retained independent legal counsel in connection with the investigation.[1]

In June and September 2006, three shareholder derivative actions alleging claims under federal and state law based on backdating of stock options were filed in the Northern District of California against the Individual Defendants and Zoran as a nominal defendant.[2] On December 8, 2006, the Court consolidated the derivative actions into the above-captioned Derivative Litigation, and on January 18, 2007, Mr. del Rosario was appointed Lead Plaintiff.[3]

On February 20, 2007, the Company reported that as a result of the Special Committee investigation, recorded grant dates for a small number of stock option grants would need to be remeasured for financial accounting purposes. The Board also concluded that there was no intentional misconduct by Zoran's senior management. Zoran subsequently restated its historical financial statements to reflect the adjusted measurement dates, taking a non-cash compensation charge of $11.7 million.

Lead Plaintiff filed a Consolidated Complaint in the Derivative Litigation on March 14, 2007. In the Consolidated Complaint, Lead Plaintiff asserts claims under Section 10(b), Section 14(a) and Section 20(a) of the Securities Exchange Act of 1934, as well as claims under state law for breach of fiduciary duty, constructive fraud, abuse of control, corporate waste and gift, gross mismanagement, unjust enrichment, and recission. The Complaint alleges, among other things, that from at least 1997 through 2005, the Individual Defendants engaged in unlawful or improper practices related to Zoran's granting and accounting for stock options (including, but not limited to, "backdating" or otherwise misdating or improperly timing option grants, and not complying

---

[1] Zoran also announced that it had received an informal inquiry from the Securities and Exchange Commission ("SEC") requesting documents related to its stock option granting practices, as well as a grand jury subpoena from the office of the U.S. Attorney for the Northern District of California requesting documents regarding stock options. On November 2, 2007, the SEC notified Zoran that the Staff's investigation had been terminated and that no enforcement action against Zoran or any of its officers, directors or employees has been recommended to the Commission. Similarly, no action has been taken by the U.S. Attorney's office with respect to Zoran or its officers, directors or employees.

[2] One of these actions, *NECA-IBEW v. Galil, et al,* No. 06-cv-3742, was voluntarily dismissed on December 4, 2006  In addition, a putative class action, alleging violations of the Securities Exchange Act, based upon the same facts and circumstances giving rise to the Derivative Litigation, filed in this Court on August 10, 2006, was voluntarily dismissed on March 20, 2007.

[3] A nearly identical state court derivative action based upon the same facts and against substantially the same defendants is currently pending in Santa Clara Superior Court, entitled *In re Zoran Derivative Litigation,* Case No. 1:06CV073498 (the "State Derivative Litigation"). The Santa Clara Superior Court has stayed the State Derivative Litigation in light of this action until further order of the Superior Court.

NOTICE OF PROPOSED SETTLEMENT OF DERIVATIVE ACTION AND OF SETTLEMENT HEARING – CASE NO. C 06-05503 WHA

| Deleted: n |
| Deleted: Amended |
| Deleted: Amended |

with the Company's option plans); this conduct allegedly resulted in false or misleading financial statements, other statements and proxies, improper and/or additional compensation expenses and tax liabilities, and other expenses, including but not limited to those relating to the Special Committee's investigation and April 20, 2007 restated financials. In addition, Lead Plaintiff has subsequently alleged that certain practices and option grants not specifically asserted in the Consolidated Complaint violated the Company's stock option plans or are otherwise actionable.

**Deleted:** Amended

Defendants thereafter moved to dismiss the Derivative Litigation on grounds that Lead Plaintiff had failed to make a pre-suit demand on Zoran's Board of Directors or to allege facts sufficient to establish that such a demand would have been futile. The Court ruled that Lead Plaintiff's Consolidated Complaint alleged facts sufficient to excuse demand at the pleading stage. The Court dismissed certain causes of action, however, on standing, statute of limitations, and other grounds. Thereafter, Defendants filed Answers and Affirmative Defenses, and the parties commenced discovery.

**Deleted:** Amended

On September 11, 2007, the parties participated in Court-ordered mediation proceedings before the Honorable Charles A. Legge of JAMS. Thereafter, the parties continued their settlement discussions and had numerous face-to-face meetings and telephone conferences, with and without Judge Legge, in furtherance of a possible resolution of the Derivative Litigation. Among other things, the parties exchanged extensive information relating to the grants challenged in the Derivative Litigation, and Lead Plaintiff conducted substantial discovery, including, but not limited to, receipt of over one million pages of documents and depositions of key witnesses.

By motion dated February 26, 2008, Lead Plaintiff moved for preliminary approval of a proposed stipulation of settlement involving the cancellation or repricing of certain stock options, corporate governance remedial measures and other provisions, including payment of a fee to Lead Plaintiff's Counsel. By Order dated April 7, 2008, the Court denied the motion for preliminary approval.

From March through mid-May, the parties completed substantial additional discovery, including depositions by Lead Plaintiff's Counsel of additional party and non-party witnesses and the production to Lead Plaintiff of thousands of additional documents. Thereafter, the parties engaged in further settlement negotiations, both in person and telephonically. All of the negotiations were conducted in good faith and at arm's length, incorporating the guidance provided by the Court in its April 7 Order. All parties were represented by counsel experienced in litigation of this type. As a result of these settlement discussions, the parties entered into the Stipulation of Settlement on May 29, 2008, which provided the terms for settling the Action.

### III.   DEFENDANTS' POSITION WITH RESPECT TO SETTLEMENT

The Individual Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Derivative Litigation. The Individual Defendants have denied and continue to deny that any of their conduct relating to the granting, exercise or disclosure of options was wrongful. The Individual Defendants have denied and continue to deny that any intentional backdating of stock option grants ever occurred. The Individual Defendants also have denied and continue to deny the allegations that Zoran suffered damages as a result of the conduct alleged in the Derivative Litigation, or that Lead Plaintiff or Zoran have any right of

3

recovery whatsoever.  To the contrary, the Individual Defendants have asserted that at all relevant times, they have acted in the utmost good faith and in a manner they reasonably believed to be in the best interests of Zoran and its shareholders.

Nonetheless, the Individual Defendants recognize that defense of the Derivative Litigation has usurped—and would continue to usurp—valuable management time and resources, will continue to disrupt Zoran's business, and will continue to impose enormous financial burdens on Zoran. The proposed settlement offers to provide Zoran a substantial amount of cash immediately, which Zoran can use to fund its operations and research and development.  The Individual Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this one.  The Individual Defendants enter into this Stipulation to obtain a full and final release, directly and/or by operation of law, of all claims that are or could have been asserted against them in the Derivative Litigation, in the State Derivative Litigation, or in any other federal or state litigation asserting Released Claims.  The Individual Defendants further intend that the Judgment entered in the Derivative Litigation will fully incorporate the terms of this Settlement and will have preclusive effect as to the Released Claims to the fullest extent of any applicable federal or state law.  As a result, the Individual Defendants have determined that it is appropriate and desirable that the Derivative Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.  The Individual Defendants make this decision voluntarily, and under no compulsion to do so.

Nominal Defendant Zoran enters into this Stipulation based on its belief that this Settlement provides substantial benefit to the Company and its shareholders.  Specifically, the Company will receive a multi-million dollar payment and will also benefit from the cancellation and repricing of certain stock options previously granted to the Individual Defendants.  Moreover, the proposed Settlement will permit the Company, its Directors, Officers and employees to focus on serving Zoran customers and creating value for Zoran shareholders rather than diverting resources to protracted and costly litigation.  Finally, the Company believes that this Settlement is desirable because it provides the Company with a substantial recovery without the risk of an adverse litigation result.

## IV.   LEAD PLAINTIFF'S POSITION WITH RESPECT TO SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Derivative Litigation have merit and that the evidence developed to date, which includes both information developed by Lead Plaintiff's Counsel independently and in the course of extensive discovery in the litigation, supports those claims.  Lead Plaintiff and Lead Plaintiff's Counsel recognize, however, the expense and length of continued proceedings necessary to prosecute the Derivative Litigation against the Defendants through trial and, potentially, through appeals.  Lead Plaintiff has also taken into account the uncertain outcome and the risk of litigation and inherent delay in resolution of the claims that result from protracted proceedings.  Counsel for the Lead Plaintiff are mindful of the inherent problems of proof and possible defenses to the claims asserted in the derivative lawsuit, including, but not limited to statutes of limitation, good faith reliance on outside counsel and auditors, failure to satisfy the demand requirement of Rule 23.1, failure to establish any breach of duty, failure to establish causation, and failure to establish damages.

Lead Plaintiff and his Counsel also considered: (1) the arguments and evidence regarding Defendants' good faith reliance on outside counsel and auditors; (2) the size of Zoran's

**Deleted:** counsel

4

restatement in relation to Zoran's overall revenues and the broad time period covered; (3) the nature of the circumstances giving rise to the measurement date errors; (4) the scope and depth of the investigation conducted by the Special Committee, with the assistance of experienced counsel; (5) the Special Committee's conclusion that no intentional wrongdoing occurred; and (6) the SEC's decision to terminate its investigation without further action. In order to thoroughly evaluate each of these claims, Lead Plaintiff and his Counsel engaged in extensive analysis of evidence produced during the litigation, and the parties exchanged additional information subject to Rule 408, as part of their settlement negotiations. Lead Plaintiff and his Counsel also weighed the potential for denial of insurance coverage on some or all of Lead Plaintiff's claims, the additional costs to the Company were it necessary to litigate those issues, and the uncertainty as to what damages Zoran would ultimately be entitled to recover even if Lead Plaintiff were to prevail on some or all of the asserted claims. In particular, Lead Plaintiff weighed the benefit to Zoran of obtaining nearly $3.4 million in cash (less awarded attorneys' fees and costs), plus other consideration, as set forth below, against the possibility that the Individual Defendants might prevail on dispositive motions or at trial, in which case Zoran would receive no cash or other consideration from this litigation.

Based on Lead Plaintiff's evaluation and the evaluation of his Counsel, Lead Plaintiff has determined that it is desirable to settle the Derivative Litigation on the terms set forth in this Stipulation. Lead Plaintiff believes that the proposed Settlement of the Derivative Litigation will promote the best interests of Zoran and its shareholders and that such terms reflect a fair, reasonable and adequate outcome of the Derivative Litigation.

## V.   WHAT THE SETTLEMENT PROVIDES

The terms and conditions of the proposed Settlement are set forth in the Stipulation of Settlement described above. The Stipulation of Settlement has been filed with the Court. The following is only a summary of its terms.

Under the proposed Settlement, the Company has agreed to implement and/or continue various corporate governance measures, including measures related to the granting and administration of stock option grants. These measures are described in the Stipulation of Settlement and represent multi-tiered and comprehensive corporate governance practices involving stock option and other compensation and related disclosure and accounting policies. As additional consideration for this Settlement, a number of the measures previously adopted and the additional measures, identified in Attachment A to the Stipulation of Settlement, shall continue for a period of at least three years.

In addition, (1) the Individual Defendants shall cause to be paid the amount of $3,395,000 in cash to Zoran, of which $296,250 will be paid by Levy Gerzberg, $98,750 will be paid by Karl Schneider, and the remainder will be paid to the Company through applicable insurance; (2) Defendants Gerzberg, Schneider and Stabenow, under no obligation to do so but in order to facilitate this Settlement, have agreed to reprice 101,438 options to the adjusted exercise price reflected in the Company's April 20, 2007 restatement of financials; and (3) Defendant Gerzberg has voluntarily agreed to cancel certain fully vested options, as calculated in the Stipulation of Settlement and using the Black-Scholes methodology with the variable inputs set forth in Exhibit A to the Stipulation.

## VI.   WHAT CLAIMS THE SETTLEMENT WILL RELEASE

Pursuant to the terms of the Stipulation of Settlement, the Action shall be dismissed with prejudice and Lead Plaintiff, on his own behalf individually and derivatively on behalf of Zoran and Zoran's shareholders, and Zoran shall have, and by operation of the Judgment shall be deemed to have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons and all claims that were made or could have been made against the Released Persons arising out of, relating to, or in connection with the prosecution, defense, Settlement or resolution of the Action, including Unknown Claims. Each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged Lead Plaintiff and Lead Plaintiff's Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, Settlement or resolution of the Action or the Released Claims.

"Released Persons" means each and all of the Released Parties and the Related Persons.

"Released Parties" means Zoran and the Individual Defendants Raymond A. Burgess, Uzia Galil, Levy Gerzberg, Camillo Martino, James D. Meindl, James B. Owens, Jr., Karl Schneider and Arthur B. Stabenow. "Released Parties" also includes the former defendants in this action who were dismissed by the Lead Plaintiff without prejudice, pursuant to a tolling agreement: Aharon Aharon, Paul Goldberg, Isaac Shenberg, and Alex Sinar.

"Related Persons" means each of a Released Party's present or former spouses, heirs, executors, estates, administrators, any entity in which a Defendant and/or any member(s) of that Defendant's immediate family has or had a controlling interest, any members of their immediate families, or any trust of which any Defendant is or was the settler or which is or was for the benefit of any Defendant and/or member(s) of his or her family, each of the Defendants' present and former attorneys, legal representatives, and assigns in connection with the Derivative Litigation, and all [Deleted: Action] past and present directors, officers, agents, underwriters, controlling shareholders, investment bankers, advisors, accountants, auditors, servants, employees, affiliates, predecessors, successors, parents, subsidiaries, divisions, joint ventures and joint venturers, related or affiliated entities, assigns and attorneys for nominal defendant Zoran and their counsel.

"Released Claims" means any and all claims, rights, demands, causes of action, suits, accountings, matters, and issues, including, but not limited to, those arising under federal or state [Deleted: of every kind and nature whatsoever] contract, statute, or common law, that have been asserted or could have been asserted against the Released Persons by Zoran or by shareholders suing derivatively on behalf of Zoran, in the Derivative Litigation, based on or arising from the facts, transactions, events, occurrences, acts, [Deleted: Action] disclosures, statements, omissions or failures to act alleged in the Derivative Litigation or closely [Deleted: or] related thereto, up to and through the date of the filing of the Consolidated Complaint in the [Deleted: Action] Derivative Litigation on March 14, 2007, including all matters alleged in, or which could have [Deleted: Amended] been alleged in, any of the complaints filed in the Derivative Litigation (including Unknown [Deleted: Action] Claims). [Deleted: Action]

"Unknown Claims" means any Released Claim which any Settling Party or Related Person does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its Settlement with and

6

1   release of the Released Persons, or might have affected his, her or its decision not to object to this
2   Settlement.

3   **VII.   WHAT ATTORNEYS' FEES PLAINTIFF'S COUNSEL WILL SEEK**

4   In connection with the Settlement, Plaintiff's Counsel will apply to the Court for an award of
    actual attorneys' fees and costs incurred in prosecuting the Action, through Final Judgment and
5   any post-Judgment litigation, based upon their usual and customary fees. Lead Plaintiff's
    Counsel has agreed not to seek a "fee multiplier," and will seek only his actual costs, estimated to
6   be no more than $500,000, and will waive any fees that exceed one million dollars.

7   **VIII.   WHEN AND WHERE THE SETTLEMENT HEARING WILL BE HELD AND
             HOW TO OBJECT TO THE SETTLEMENT IF YOU WISH TO DO SO**
8

9   Prior to deciding whether or not to approve the Settlement, the Court will hold a Settlement
    Hearing, which the Court may adjourn without further notice other than announcement at such
10  Settlement Hearing or subsequent adjournment.  The Court may approve the Settlement with or
    without modification agreed to by the parties, and with or without further notice to Zoran's
11  shareholders.

12  Zoran shareholders who comply with the procedures set forth below for objecting or making an
13  appearance (personally or through counsel) may be heard to the extent allowed by the Court
    regarding the fairness, reasonableness, and adequacy of the Settlement at the Settlement Hearing
14  to be held before the Honorable William H. Alsup on August 18, 2008, at 2:00 p.m., at the
    courthouse of the United States District Court of Northern District of California, 450 Golden Gate
15  Avenue, San Francisco, California, CA 94102.  You are not required to retain your own counsel,
    but if you choose to do so it will be at your own expense.  A shareholder wishing to assert an
16  objection to the Settlement must, at least fourteen (14) days prior to the Settlement Hearing:

17      (1)  file with the Clerk of the Court proof of ownership of Zoran common stock, including
18      the number of shares of Zoran Common Stock held and the date of purchase, and provide a
        statement that indicates the nature of such objection, any legal support and/or evidence that
19      such shareholder wishes to bring to the Court's attention or introduce in support of such
        objection, and any documentation in support of any objection; and
20

21      (2) simultaneously serve copies of such notice, proof, statement and documentation,
        together with copies of any other papers or briefs such shareholder files with the Court, in
22      person or by mail, upon counsel listed below, provided that if service is made by mail,
        electronic mail and facsimile service shall be made on counsel listed below no later than
23      fourteen (14) days before the date of the Settlement Hearing:

24              Juli E. Farris
25              Keller Rohrback L.L.P.
                1201 Third Avenue, Suite 3200
26              Seattle, WA 98101-3052
                *Counsel for Lead Plaintiff*
27

28

Deleted: _____,
Deleted: _____
Deleted: twenty-one
Deleted: 21
Deleted: twenty-one
Deleted: 21
Deleted: Fairness

7

Susan Muck
Fenwick & West LLP
555 California Street, Suite 1200
San Francisco, CA 94104
*Counsel for Aharon Aharon, Raymond A. Burgess, Uzia Galil, Paul Goldberg, James D. Meindl, James B. Owens, Jr., Isaac Shenberg, Alex Sinar, and Arthur Stabenow*

Steven Kaufhold
Akin Gump Strauss Hauer & Feld LLP
580 California Street, Suite 1500
San Francisco, CA 94104-1036
*Counsel for Nominal Defendant Zoran Corporation*

John Dwyer
Cooley Godward Kronish LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
*Counsel for Dr. Levy Gerzberg, Ph.D.*

John Hemann
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 95105
*Counsel for Karl Schneider*

Sara B. Brody
Heller Ehrman LLP
333 Bush Street
San Francisco, CA 94104
*Counsel for Camillo Martino*

Deleted: 4

Any shareholder who does not timely make his, her, or its objection to the Settlement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, the Plaintiff's application for attorneys' fees and expenses, and shall otherwise be bound by the Judgment to be entered on the releases given.

Any objector who properly and timely files and serves a written objection may also appear at the Settlement Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Settlement Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address and telephone number of the objector (and, if applicable, the name, address and telephone number of the objector's attorney) on counsel listed above (at the addresses set out above), provide a statement that indicates the basis for such appearance, the identities of any witnesses that such shareholder plans to call at the Settlement Hearing, and file it with the Court by no later than five (5) days before the date of the Settlement Hearing. Filing and service may be effected on the Court and

8

counsel by mail, provided facsimile service is made on counsel listed above by no later than five (5) days before the date of the Settlement Hearing. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to be heard at the Settlement Hearing, except upon a showing of good cause and excusable neglect.

### IX.   NOTICE TO BANKS, BROKERS, OR OTHER NOMINEES

If you hold any Zoran securities purchased during the Class Period as nominee for a beneficial owner or owners, then, within ten (10) days after you receive this Notice, you are requested either to: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Administrator:

> In re Zoran Corporation Derivative Litigation
> c/o The Garden City Group, Inc.
> P.O. Box. XXXX
> Seattle, WA  98104

If you choose to mail the Notice yourself, you may obtain from the Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Administrator.

### X.   HOW TO GET FURTHER INFORMATION

Further information regarding the Action and this Notice may be obtained by contacting Lead Plaintiff's Counsel: Juli E. Farris, Keller Rohrback L.L.P., 1201 Third Avenue, Suite 3200, Seattle, WA  98101-3052, (800) 360-8904.

This Notice does not purport to be a comprehensive description of the Action, the terms of the proposed Settlement or the scheduled Settlement Hearing. For more complete information concerning the Action and the proposed Settlement, you may inspect the pleadings, the Stipulation of Settlement, and other papers and documents filed with the Court during regular office hours at the Clerk's Office of the United States District Court of Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. Alternatively, the full Stipulation of Settlement and certain other key pleadings and related documents filed with the Court in this case are available for viewing at www.kellersettlements.com.

**PLEASE DO NOT TELEPHONE THE COURT OR THE CLERK'S OFFICE
REGARDING THIS NOTICE**

Dated: _____, 2008

> BY ORDER OF THE UNITED STATES
> DISTRICT COURT OF THE NORTHERN
> DISTRICT OF CALIFORNIA

9

Formatted: Centered

Deleted: common stock as a nominee for the benefit of another, you are directed to provide copies of this Notice to such beneficial owners, postmarked no later than ten (10) business days after receipt of this Notice.

Deleted: (206)

Deleted:

Deleted: 623

Deleted: 1900

Formatted: Indent: Left: 3.5", Space After:  12 pt, Widow/Orphan control

Deleted: ¶