IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE ZORAN CORPORATION DERIVATIVE LITIGATION

This document relates to:

All Actions

No. C 06-05503 WHA

**ORDER APPROVING SETTLEMENT AND GRANTING ATTORNEY'S FEES AND COSTS SUBJECT TO STATED CONDITION**

In this derivative litigation, plaintiffs moves for final approval of a proposed settlement. In addition, plaintiffs move for an award of one million dollars in fees and costs. The proposed settlement provides for $3,395,00 in cash to be paid to Zoran. Of this amount, $395,000 will be paid directly by individual defendants Levy Gerzberg and Karl Schneider. The remaining amount will be paid by Zoran's director and officer liability insurance. Several other individual defendants, as well as Gerzberg and Schneider, have also agreed to reprice several options. Lead plaintiffs' expert estimates that the total value to Zoran from this aspect of the settlement ranges from $3,983,829 to $5,226,300. Zoran has also agreed to implement several corporate governance measures relating to its option policies for a period of three years. This settlement is a substantial improvement over the collusive settlement previously proffered in which plaintiffs' counsel would have been the principal beneficiary.

There is one aspect of the settlement, however, that is not approved. As part of the release of claims, the parties included all claims that could be brought against Zoran's former counsel, DLA Piper, and its current accounting firm, Price Waterhouse and Coopers. Each of

these entities were employed by Zoran at the time the alleged backdating, at issue in this case, took place. Although Zoran has severed its relationship with DLA, PWC is still Zoran's accounting firm. It is difficult see why such entities should be included in the release when they were not parties to this lawsuit and plaintiff and his counsel were never authorized to sue anyone other than the named defendants. Those defendants and their agents should be released. But there is no occasion or good cause for anyone else to be released by the corporation. We must remember that a derivative suit is on behalf of the corporation and is against specific named defendants. The demand requirement was found excused as to the particulars of the suit as framed. Claims against others, such as former law firms and accountants, was never part of that calculus. Formal discovery, moreover, was not directed at PWC or DLA. Even if the suit had been amended to include them, which was never done, it has not been shown that sufficient due diligence preceded any decision to release them, much less to justify a free release, *i.e.*, a full release for zero cash by the released firms. So the release, as approved, well be limited to the named individual defendants and their agents, not the coporation (a nominal defendant) and its agents.

If the corporation chooses not to sue PWC and DLA, then so be it. That decision belongs to the corporation, no derivative action ever having been approved to wrestle control of the claims against the firms from the corporation. But the potential claims against PWC and DLA are assets of the corporation. The corporation cannot complain about being allowed to keep an asset, even if it is never eventually sued on.

What seems really to be going on is that management does not want to be sued in yet another derivative suit for eventually letting its claims lapse against its legal and accounting advisors. It wants to roll a free release of those non-defendant advisors into the release of the actual defendants and thereby receive a judicial blessing. The Court is not able to bless a release of PWC and DLA given the posture of the pleadings, given the lack of formal discovery, and given that PWC and DLA would have paid nothing to settle these claims. The cash and consideration being paid by defendants (or on their behalf) is for the claims *against them*, not

2

against others. Again, the settlement is approved but only with the proviso that the release extends only to named individual defendants and their agents.

With respect to fees, this order grants plaintiffs' request for one million dollars. Plaintiffs' request for $363,243.92 in costs, however, is excessive. For the amount of work put in this case, $300,000 is a more reasonable figure. Accordingly, plaintiffs' counsel is hereby awarded one million dollars in fees and $300,000 in costs. Upon receipt of the settlement amount, the company shall pay these amounts.

**IT IS SO ORDERED**.

Dated: September 2, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE