1  STEVEN S. KAUFHOLD (SBN 157195)
   AMIT KURLEKAR (SBN 244230)
2  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   580 California Street, 15th Floor
3  San Francisco, California 94104-1036
   Telephone:    415-765-9500
4  Facsimile:    415-765-9501

5  Attorneys for Nominal Defendant Zoran Corp.

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 IN RE ZORAN CORPORATION <br> 12 DERIVATIVE LITIGATION, <br> 13 <br> 14 <br> 15 | Case No.  CV 06-05503 WHA <br><br> MOTION FOR APPROVAL OF REVISIONS TO PROPOSED FINAL ORDER IN LIGHT OF COURT'S ORDER OF SEPTEMBER 2, 2008 <br> [Local rule 7-11(a)] |
| 16 This Document Relates To: <br> 17 ALL ACTIONS <br> 18 <br> 19 | Date:       N/A <br> Time:       N/A <br> Dept:       Courtroom 9, 19th Floor <br> Judge:      The Honorable William Alsup |

20

21

22

23

24

25

26

27

28

1    Nominal Defendant Zoran Corporation ("Zoran") respectfully moves this Court, pursuant

2   to Local Rule 7-11(a), for approval of a revised proposed Final Order embodying the derivative

3   settlement recently approved by the Court, subject to a stated condition.  The prior version of the

4   proposed Final Order was submitted with plaintiff's motion for final approval of settlement and

5   was attached as Exhibit B to the Stipulation of Settlement (which in turn was attached as Exhibit

6   A to the Declaration of Juli Farris, dated July 18, 2008).  (See Docket No. 205.)  The revised

7   Final Order, a copy of which is attached hereto as Exhibit A, has been modified to take into

8   account the condition set forth in the Court's September 2, 2008 Order which, among other

9   things, required exclusion of DLA Piper ("DLA") and PricewaterhouseCoopers ("PwC") from the

10   scope of the release otherwise contained in the parties' Stipulation of Settlement.

11    Specifically, paragraph 3 of the revised Final Order modifies the definition of "Related

12   Persons" set forth in Section 1.13 of the Stipulation of Settlement to make clear that DLA and

13   PwC (or any other outside third-party advisors to Zoran during the relevant period) do not fall

14   within the definition of "Released Persons" contained in Section 1.15.  The effect of this portion

15   of the Court's order is to delete references to Zoran's outside agents, underwriters, investment

16   bankers, advisors, accountants, auditors and attorneys previously contained in Section 1.13 and

17   incorporated into Section 1.15 by reference.  To ensure that the final release and other terms of

18   the settlement are clear and easy to ascertain, Zoran respectfully moves the Court to approve the

19   form of Final Order, which would be followed by entry of judgment.  *See In re Critical Path, Inc.*

20   *Deriv. Litig.,* No. C-01-0684 (WHA), 2003 U.S. Dist. LEXIS 22378 (N.D. Cal. Dec. 9, 2003)

21   (approving similar type of final order following approval of modified settlement).

22    In all other respects, the release is identical to the form approved by the Court at the time

23   of preliminary approval of the settlement and as set forth in the form of notice distributed to all

24   shareholders—none of whom objected to any aspect of the settlement.  The release has been

25   consistent insofar as it applies to all current and former officers, directors and employees of

26   Zoran, including but not limited to those named as defendants in this case.  This form of release is

27   fully consistent with applicable case law.  *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268,

28   1287-89 (9th Cir. 1992) (releasing claims against State of Washington in bondholders' action

1   arising from same predicate facts alleged in that bondholders' action); *accord Reyn's Pasta Bella,*

2   *LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) ("A class settlement may also release

3   factually related claims against parties not named as defendants"); *Wal-Mart Stores, Inc. v. Visa*

4   *U.S.A., Inc.*, 396 F.3d 96, 108 (2d Cir. 2005); *see also* 4 Alba Conte & Herbert Newberg,

5   *Newberg on Class Actions* § 12:16 (4th ed. 2002) ("A settlement may also seek to discharge

6   parties who have not been served with process and are therefore not before the court").  The

7   release would also be consistent with the Court's direction to the parties, upon preliminary

8   approval of the settlement, to limit the scope of Released Claims to those claims "that have been

9   asserted or could have been asserted . . . based on or arising from the facts, transactions, events,

10  occurrences, acts, disclosures, statements, omissions or failures to act alleged in the Derivative

11  Litigation or closely related thereto."  (Stipulation of Settlement, as revised, ¶ 1.14.)

12          That form of release was important in inducing Zoran's insurers to contribute $3 million

13  in cash to the settlement on behalf of all of its insureds, that is, all Zoran directors and officers

14  who could have been named as defendants in the litigation and share coverage under the D&O

15  policy.  As such, the scope of the release is typical in settlements of this sort.  It was also

16  important to Zoran, who is obligated to advance defense costs to its officers and directors and to

17  indemnify them in certain circumstances.  Zoran will be the recipient of the majority of the

18  insurance proceeds, and it agreed to the settlement as a means of achieving a complete resolution

19  of matters related to putative backdating involving the Company.  Because the release of Zoran's

20  directors, officers and employees is supported by consideration (insurance proceeds), they are

21  situated differently than DLA or PwC which, as the Court noted, did not contribute to the

22  settlement.  Thus, the modified release would be consistent with the definition of released persons

23  as including the past and present directors, officers, and employees of nominal defendant Zoran.

24  (Stipulation of Settlement, as revised, ¶ 1.13.)

25          The circumstances between non-defendant current and former officers, directors and

26  employees of Zoran also differs from outside advisors in at least two other respects:

27          *First*, a state court derivative action was filed after this case and makes virtually identical

28  allegations, although it names some additional former and current officers and directors of the

1  Company as defendants.  That case has been stayed in light of proceedings here.  From Zoran's

2  perspective, and certainly its insurer's perspective, it makes no sense to settle the action in this

3  Court only to incur the expense and burdens of relitigating these same claims regarding option

4  grants in the same period in state court based on the addition of some peripheral, at best,

5  defendants who are encompassed within the release, as written.

6       *Second*, plaintiff obtained extensive discovery from Zoran dating back to 1996, and was

7  therefore in an informed position to decide who at Zoran was potentially implicated in the options

8  process throughout the relevant period.  Claims "based on or arising from the facts, transactions,

9  events, occurrences, acts, disclosures, statements, omissions or failures to act alleged in the

10 Derivative Litigation or closely related thereto" involving nominal defendant Zoran and its past

11 and present directors, officers, and employees were thoroughly investigated and litigated in this

12 case.

13      Accordingly, Zoran's concern is that certain language in the September 2, 2008 Order

14 could be read to mean that only the named defendants (and their agents) could be released.

15 Excluding non-defendant officers, directors or employees of Zoran from the release in the

16 Stipulation of Settlement—in contrast to the scope of release described in the Court-approved

17 shareholder notice—would potentially expose Zoran to additional, cumulative litigation in the

18 parallel state derivative case.  *See Wal-Mart*, 396 F.3d at 108 (noting that company released non-

19 parties because to do otherwise "would have invited relitigation of the same factual allegations").

20 This would result in significant additional expenditures by Zoran and its insurer on claims that are

21 properly within the scope of the release preliminarily approved by the Court and to which no

22 shareholder objected.  Because the scope of this aspect of the release was an important feature of

23 the settlement to all the parties and the insurer, Zoran felt it should note this for the Court when

24 considering the Final Order and entry of judgment.

25

26

27

28

1    Zoran has been informed that the Individual Defendants support this Motion and agree

2   with the Court's entry of the revised Final Order, and that Lead Plaintiff does not oppose entry of

3   the Final Order as revised.

4   Dated: September 10, 2008                              AKIN GUMP STRAUSS HAUER & FELD

5

6                                                          By:_____/s/_____

7                                                                    Steven S. Kaufhold

8                                                          Attorneys for Nominal Defendant Zoran Corp.

9                                   **FILER'S ATTESTATION**

10          Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest

11   under penalty of perjury that concurrence in the filing of this document has been obtained from

12   Susan S. Muck, John C. Dwyer, John H. Hemann, and Sara B. Brody.

13   Dated:  September 10, 2008

14                                                          AKIN GUMP STRAUSS HAUER & FELD LLP

15                                                          By: _____/s_____
                                                                 Steven S. Kaufhold
16                                                               (SBN 157195)
                                                            Attorneys for Nominal Defendant
17                                                          ZORAN CORP.

18

19

20

21

22

23

24

25

26

27

28