UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE ZORAN CORPORATION DERIVATIVE LITIGATION | No. CV 06-05503 WHA<br><br>DERIVATIVE ACTION |
|---|---|
| This Document Relates To:<br><br><br>ALL ACTIONS | ~~[PROPOSED]~~ **FINAL ORDER** |

[PROPOSED] FINAL ORDER
(CASE NO. C 06-05503 WHA)

# FINAL ORDER

This matter came before the Court for hearing on August 18, 2008 on the application of the parties for final approval of the Settlement of this shareholder derivative action, as contained in the Stipulation of Settlement, dated as of May 29, 2008, and amended pursuant to this Court's June 11, 2008 Order (the "Stipulation"). At the August 18 hearing and thereafter, the Court requested additional information from the parties regarding certain aspects of the proposed settlement. Following receipt of those submissions, the Court entered its September 2, 2008 Order Approving Settlement and Granting Attorney's Fees and Costs Subject to Stated Condition.

Due and adequate notice having been given to Zoran Corporation ("Zoran" or "the Company") shareholders, and the Court having considered all papers filed and proceedings in this action and otherwise being fully informed and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction over the subject matter of this litigation and over all parties to the litigation. This order and the attached final judgment incorporate by reference all defined terms in the Stipulation, and all capitalized terms herein are the same as those used in the Stipulation, except as indicated in paragraph 3, below.

2. Pursuant to Federal Rule Civil Procedure 23.1 ("Rule 23.1"), this Court hereby approves as fair, reasonable and adequate the settlement of this case, consisting in primary part of the following actions, to be taken voluntarily by the Individual Defendants named below:

(i) $3,395,000 in cash to be paid to Zoran, of which $296,250 will be paid by Defendant Levy Gerzberg, $98,750 will be paid by Defendant Karl Schneider, and the remainder will be paid to the Company through applicable insurance, such payments to be made within fifteen days of notice of the Effective Date;

(ii) repricing of the following options by specified Defendants to the adjusted exercise price reflected in the Company's April 20, 2007 restatement of financials:

| Defendant | Grant Date | Exercise Price | Adjusted Price | # of Options |
|---|---|---|---|---|
| Gerzberg, Levy | 8/09/02 | $12.36 | $14.69 | 42,375 |
| Schneider, Karl | 9/19/01 | $11.52 | $15.47 | 11,563 |
| Schneider, Karl | 8/09/02 | $12.36 | $14.69 | 43,750 |

[PROPOSED] FINAL ORDER
(CASE NO. C 06-05503 WHA)

1

| Defendant | Grant Date | Exercise Price | Adjusted Price | # of Options |
|---|---|---|---|---|
| Stabenow, Arthur | 3/16/01 | $8.67 | $11.49 | 3,750 |

(iii) Defendant Gerzberg's agreement to cancel certain fully vested options, as calculated pursuant to the terms of the Stipulation and using the Black-Scholes methodology with the variable inputs set forth in Exhibit A to the Stipulation; and

(iv) the adoption by the Company of the corporate governance measures identified in paragraphs F through EE of Attachment A to the Stipulation, and the Company's agreement that that these measures and the measures previously adopted by the Company, identified in paragraphs A through E of Attachment A to the Stipulation shall continue for a period of at least three years.

3. In light of the Court's September 2, 2008 Order, the definition of "Related Persons" contained in Section 1.13 of the Stipulation is modified to exclude DLA Piper, PricewaterhouseCoopers or any other third-party outside advisor to Zoran during the relevant period. Such entities and advisors are not "Released Persons" under Section 1.15 of the Stipulation.

4. In all other respects, upon the Effective Date, (a) Lead Plaintiff, on his own behalf individually, and derivatively on behalf of Zoran and Zoran's shareholders, and (b) Zoran shall have, and by operation of the Judgment shall be deemed to have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons and all claims that were made or could have been made against the Released Persons arising out of, relating to, or in connection with the prosecution, defense, Settlement or resolution of the Derivative Litigation, including Unknown Claims.

5. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged Plaintiff and Plaintiff's Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, Settlement or resolution of the Derivative Litigation or the Released Claims.

   6. All Zoran shareholders are hereby forever barred and enjoined from prosecuting the Released Claims (including Unknown Claims) against the Released Persons.

   7. The mailing of the Notice of Proposed Settlement of Derivative Action and of Settlement Hearing to Zoran shareholders, along with the posting of the Notice, Stipulation, Preliminary Approval Order, Consolidated Complaint, as well as other settlement and case-related filings and orders on plaintiff counsel's website, at http://www.kellersettlements.com/zoran.html, constitutes the best notice practicable under the circumstances, and satisfies the requirements of Rule 23.1 and the requirements of due process.

   8. Neither the settlement of this action nor any act performed or document executed pursuant to or in furtherance thereof:

   (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons, or,

   (ii) is or may deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

   9. The payment of attorneys' fees to Lead Plaintiff's Counsel of $1,000,000, and reimbursement of expenses of $300,000, is fair and reasonable.

   10. The parties are directed to consummate the terms of the Settlement, and jurisdiction over all matters relating to the consummation of the Settlement is reserved in this Court.

   11. The Court finds that during the course of the litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

   12. In the event that the Settlement does not become Final as that term is defined in the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in

[PROPOSED] FINAL ORDER
(CASE NO. C 06-05503 WHA)
3

1  accordance with the Stipulation.

2      13.    There being no reason for delay, the Clerk of the Court is hereby directed,

3  pursuant to Federal Rules of Civil Procedure 54 and 58, to enter this Order and, separately, the

4  final judgment, in the form attached hereto.

5      14.    Pursuant to Federal Rule of Civil Procedure 58 and Federal Rule of Appellate

6  Procedure 4, the time to appeal shall commence immediately upon the entry of the separate

7  judgment in the form attached hereto.

9  **IT IS SO ORDERED.**

11  Dated: __September 11__, 2008

                                      WILLIAM H. ALSUP
                                      UNITED STATES DISTRICT JUDGE

(Stamp: IT IS SO ORDERED / Judge William Alsup / United States District Court, Northern District of California)